### VILLAGE OF SARATOGA SPRINGS v. VAN NORDER.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. VILLAGE OFFICERS—APPOINTMENT BY LEGISLATURE.
　　Laws 1901, c. 178, providing for the consolidation into one board of the then existing sewer and water commission and board of street commissioners of the village of Saratoga Springs, and naming certain persons as commissioners for the first year, is in violation of Const. art. 10, § 2, which provides that all city, town, or village officers whose election or appointment is not provided for by the constitution shall be elected by the electors thereof, or appointed by such authorities thereof as the legislature shall designate.

2. STATUTES—PARTIAL INVALIDITY—EFFECT.
　　Laws 1901, c. 178, § 6, which amends the city charter of the village of Saratoga Springs by requiring the commissioners to purchase a suitable plat of land for a hackstand, being invalid on account of the illegality of the designation of the commissioners, section 7, making it unlawful for any hackman to drive through the streets soliciting patronage, is also invalid, as the provision for a stand was intended as a compensation and inducement to the restriction placed upon the vocation.

Appeal from special term, Saratoga county.
Nelson J. Van Norder was convicted of violating a city ordinance, and appeals from the judgment and an order denying a motion for a new trial. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

T. F. Hamilton, for appellant.
Charles C. Lester, for respondent.

SMITH, J. Defendant has been charged by the judgment with two penalties amounting to $50 for driving through the streets of Sara-

toga soliciting patronage as a hackman. These penalties are pre-scribed by an amendment to the city charter contained in chapter 178 of the Laws of 1901. That act provided for the consolidation into one board of the then existing sewer and water commission and board of street commissioners in said village. Under this act certain persons were named as commissioners for the first year. By section 6 of the act, section 34 of the city charter was amended so as to require said commissioners to purchase a suitable plot of land for a hackstand, and to make rules and regulations for the use thereof. By section 7 of the act, two new sections (35 and 36) were added to the charter. By section 36, as thus added, it was made unlawful for any hackman to drive through the streets soliciting patronage, and every person so do-ing was declared guilty of a misdemeanor, and subjected to a penalty of $25 for each offense. Under this section the judgment was recovered.

The defendant insists that this act is in violation of section 2 of article 10 of the constitution of the state. That section provides:

"All city, town and village officers whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authori-ties thereof as the legislature shall designate for that purpose. * * *"

The functions of these commissioners were functions which had theretofore existed, and had been exercised by local officers appointed by local authority. To preserve the right of the municipality to elect or appoint such officers was the evident object of the constitutional provision invoked. I am unable to see by what warrant the legisla-ture assumed to designate these commissioners. But a discussion of this question is perhaps unnecessary, as respondent's counsel, in his brief, makes no claim that this provision in the act is constitutional. His sole argument is to the effect that section 7 of the act by which section 36 is added to the charter is entirely separate and independent of the provisions of the act claimed to be invalid.

In discussing this question it may be well to have in mind the limita-tions of the rule by which certain parts of acts may be declared consti-tutional while other parts are unconstitutional. In Black, Const. Law, at page 63, the text reads:

"But when the parts of the statute are so mutually dependent and con-nected, as conditions, considerations, inducements, or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried into effect, the legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them."

In Cooley, Const. Lim. (3d Ed.), at page 178, the author says:

"Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operat-ing together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed that the legislature would have passed the one without the other."

And further upon the same page:

"And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant

the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them."

In the act under review, the appointment of these commissioners by the legislature was in excess of legislative authority. · They are required to provide a hackstand whereat carriages may stand for hire. This requirement falls by reason of the illegality of their designation. It is then provided in the act that a hackman who shall drive along the streets soliciting patronage shall be ·guilty of a misdemeanor, and ·be subject to penalties. It is urged by respondent that the requirement that a hackstand should be provided cannot be deemed connected with the provision making it penal to solicit patronage upon the streets, because under the old charter ample provision was made for the construction of a hackstand. But under the old charter permission only was given to construct a stand. Under the act in question the commissioners were required to provide such a stand. This distinction would seem to indicate that the provision for a stand was a compensation and inducement to the restriction placed upon the vocation,— that they were part of one scheme of legislation with a single legislative purpose. It is a fair presumption that the legislature would not deprive the hackmen of the right to solicit patronage upon the street without the provision of some substitute, as of a hackstand, where they could be found and hired for the work in which they were engaged. The contention of the respondent, therefore, that that part of the act under which these penalties were recovered may stand independently of the unconstitutional provisions contained therein is not, we think, well founded. The entire act therefore comes within the constitutional condemnation. Those views lead to the reversal of the judgment and the order, with costs; and to a dismissal of ·the complaint, with costs.

Judgment and order reversed with costs, and complaint dismissed with costs. All concur.